IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VINCENT COOPER                                                                                    PLAINTIFF

V.                                              No.  14-4059

CARLTON JONES                                                                                  DEFENDANT

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the Defendant's Motion to Dismiss (ECF No. 11) filed June 24, 2014, The Plaintiff's Motion for Entry of Default Judgment (ECF No. 13) filed June 27, 2014, Plaintiff's Motion for Appointment of Counsel (ECF No. 18) filed August 18, 2014, and the Plaintiff's Motion to Amend (ECF No. 20) filed September 4, 2014).

### I.  Background

The Background of the current case is convoluted in the extreme but the Defendant's Brief accurately sets forth the background of the Plaintiff's case.

The Complaint alleges that, in April of 2003, Cooper was convicted of aggravated robbery and attempted aggravated robbery in connection with incidents at a Texarkana, Arkansas, convenience store and sentenced to sixty years in the Arkansas Department of Correction. ECF No. 2, ¶¶ 3, 6. The Arkansas Court of Appeals reversed the conviction and remanded the case because the trial court erroneously admitted into evidence certain irrelevant and prejudicial portions of a witness's taped statement. *Cooper v. State*, No. CACR 03-542, 2004 WL 792711 (Apr. 14, 2004).

On retrial in April 2005, Cooper was convicted again and received consecutive sentences of three hundred months' imprisonment for the aggravated robbery and sixty months for the attempted robbery. Id., ¶ 6. At his retrial, Cooper for the first time sought court-ordered DNA testing on the physical evidence at issue in this case. *Cooper v. State*, No. CACR 05-818, 2006 WL 477634, at *3 (Mar. 1, 2006). The trial court denied the motion for scientific testing because the exhibits had been handled extensively during the first trial and stored afterwards in the court reporter's non-sterile environment and, therefore, any test results would be unreliable. Id. at *4.

Cooper appealed his convictions and argued that the trial court's refusal to grant his motion for DNA testing violated his due-process rights, but the Arkansas Court of Appeals affirmed. Id. at *3, *7. The appellate court held that the state statutes upon which Cooper partially relied applied in habeas corpus proceedings, not on direct appeal, and that the trial court thus lacked authority under both the federal and state constitutions to order the State of Arkansas to pay for the DNA testing. Id. at *4. The court found it significant that Cooper did not dispute the trial court's finding that the evidence he sought to have tested was contaminated. Id. at *5. The court of appeals held that the probative value of the DNA testing Cooper sought was "extremely low" and that Cooper's "undeveloped assertions" otherwise did not require expert assistance under the Due Process Clause. Id.

Cooper then filed in the trial court a pro se petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1, which was denied. The Arkansas Supreme Court dismissed Cooper's appeal from that order because he did not timely file the trial court record in the appellate court. *Cooper v. State,* No. CR 06-1422, 2007 WL 117422 (Ark. Jan. 18, 2007).

Cooper next filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on

March 8, 2007 in the Eastern District of Arkansas. *Cooper v. Norris*, No. 5:07CV00046 JMM, 2008 WL 2115218 (E.D. Ark. May 19, 2008). One of the asserted grounds for relief was that the trial court violated Cooper's due process rights in his second trial by denying scientific testing of the crime scene evidence. Id. at 2. The district court explained that, on a petition for habeas relief, the issue was whether the state court's denial of Cooper's claim for DNA testing was contrary to, or an unreasonable application of, United States Supreme Court precedent. Id. at *5 (citing 28 U.S.C. § 2254(d)). The district court held that the Arkansas appellate court's decision was not unreasonable and dismissed the habeas petition regarding the DNA testing with prejudice. Id. at *1, *5, *12 (discussing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) & *Illinois v. Fisher*, 540 U.S. 544, 545 (2004)).

  Three years after filing his federal habeas petition, in 2010, Cooper filed in the Arkansas state trial court a motion for DNA and forensics testing under Ark. Code Ann. § 16-112-201 et seq. *Cooper v. State*, 2012 Ark. 123, at *1. Cooper sought testing of the crime scene evidence admitted in conjunction with his 2005 convictions and requested that the court appoint an expert or the Arkansas Crime Lab to perform the DNA and fingerprint tests on the evidence. Id. The trial court denied the motion, finding that the files and records of the proceedings had conclusively established that Cooper was not entitled to relief under Ark. Code Ann. § 16-112-201 et seq., that Cooper's remedy had been available to him on direct appeal, and that the petition was untimely under the statute. Id. On appeal, the Arkansas Supreme Court agreed that Cooper's petition was untimely and, therefore, neither the trial court nor the appellate court had jurisdiction to address the merits of Cooper's request for postconviction DNA testing. The state supreme court also noted that Cooper failed to develop his due process arguments, which

precluded appellate review. The Arkansas Supreme Court dismissed the appeal on March 15, 2012. Id. at *1-2.

Meanwhile, in 2011, Cooper filed in the state trial court a pro se "petition for writ of certiorari" in which he raised a number of claims challenging the judgment and commitment order entered in his criminal case. He also again requested scientific testing of crime scene items admitted into evidence by the state during his second trial, but the trial court denied relief. *Cooper v. State*, 2014 Ark. 243, at *2. On appeal, the Supreme Court of Arkansas affirmed because Cooper's claims, including his request for scientific testing of evidence, were barred by the law-of-the-case doctrine. Cooper's request for DNA testing was barred because it was "addressed by this court in appellant's numerous requests for postconviction relief." Id. at *3-4 (citing *Cooper v. State,* 2013 Ark. 180; *Cooper*, 2012 Ark. 123; *Cooper v. State,* 2010 Ark. 471).

In 2012, during the pendency of Cooper's appeal of the dismissal of his state-court writ petition, Cooper filed two more motions in the trial court seeking postconviction DNA and forensics testing under Ark. Code Ann. §§ 16-112-201 et seq. The trial court denied the motions, finding that they constituted a successive petition for relief under the state act and that the court could summarily deny the motions on that basis. The Supreme Court of Arkansas affirmed. Cooper, 2013 Ark. 180.

As noted above, Cooper filed the instant Complaint pursuant to 42 U.S.C. § 1983 on April 4, 2014[1]. Once again, Cooper seeks DNA testing of the crime scene evidence (mask, coat, sock, and ornament: ECF No. 1, p. 4) admitted in his second trial under Ark. Code Ann. §§

---

[1] The Plaintiff named Carlton D. Jones, et al in his complaint (ECF No. 2, p. 1) but did not specifically name other Defendants. As a result only Carlton D. Jones, the Prosecuting Attorney was served. (ECF No. 7).

16-112-201 et seq. (ECF No. 2, p. 4). Cooper alleges that DNA testing would significantly advance his postconviction assertion of actual innocence. Id. ¶ 9. He alleges that the state court decisions denying his motions for DNA testing violate his due-process rights. Id. ¶¶ 10-12, 16 & Conclusion, p. 12.

## II.  Discussion

### A.  Statute of Limitations:

The State first contends that the Plaintiff's 1983 claim is barred and should be dismissed because it is not timely filed. (ECF No. 11, ¶ 4).

In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that § 1983 claims accruing within a particular state are to be governed by that state's general personal-injury statute of limitations, not by particular state statutes covering particular torts. In Arkansas, the general personal-injury statute of limitations is three years, and this period therefore governs § 1983 actions brought in this state. The Eighth Circuit has definitively held that the three-year limitations period contained in Arkansas's general personal-injury statute applies to § 1983 actions. *See Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir.1992) citing *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir.1991); *Lyons v. Goodson*, 787 F.2d 411, 412 (8th Cir.1986).

The Plaintiff did not seek DNA testing at his original trial in 2003 and as a result the evidence in question was handled by attorneys, witnesses and jurors and handled and stored by the court reporter. The 2003 conviction was reversed on other grounds and at the retrial in 2005 the Plaintiff did attempt to have DNA test administered but the trial court refused on the basis that the evidence had been contaminated as a result of the first trial. The trial court decision was

affirmed by the Arkansas Court of Appeals in 2006.

Cooper's cause of action accrued in 2005 when the trial court refused to grant the motion for DNA testing and is clearly outside the limitations period. Cooper may argue that he could not have known that he had a valid § 1983 claim until the Supreme Court's decision in *Skinner v. Switzer*. On March 7, 2011, the U.S. Supreme Court held that a convicted state prisoner may seek DNA testing of crime-scene evidence based on due process in a civil rights action under 42 U.S.C. § 1983. *Skinner v. Switzer*, 131 S. Ct. 1289 (2011).

Even accepting this as true for the purpose of this motion, Cooper's § 1983 claim accrued, at the very latest, on March 7, 2011, when the U.S. Supreme Court confirmed in Skinner that Cooper could pursue his claim for DNA testing in a § 1983 lawsuit. Cooper did not file the instant Complaint until April 4, 2014, which was more than three years after the Supreme Court's decision in Skinner. Cooper's 1983 claim is therefore beyond the limitations period unless he is entitled to equitable tolling.

Cooper argues that his action on the 1983 claim is tolled because he pursued other state court remedies and cites *Martinez v. Ryan*, 132 S. Ct. 1309 and *Trevino v. Thaler*, 133 S. Ct 1911 and states that "Defendant Jones action deliberately allowed the evidence to be mishandled to impeded DNA testing to prove actual innocence.." (ECF No. 21, p. 4). The Plaintiff also cites *People v. Kelly*, 62 N.Y. 2d 516, *Brady v. Maryland,* 373 U.S. 83 and *Coleman v. Thompson* 501 U.S. 722. None of the cases cited by the Plaintiff make any reference to equitable tolling and are thus not applicable nor did the prosecuting attorney "mishandle" any of the evidence. As noted above, the Plaintiff did not file any request for DNA testing of the evidence and the evidence was subsequently admitted at trial and ultimately handled by attorneys, witnesses, jurors, and the

court reporter.

For a § 1983 action the issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law. *See Montin v. Estate of Johnson* 636 F.3d 409, 413 (C.A.8 (Neb.),2011) citing *Hardin v. Straub*, 490 U.S. 536, 539, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989). Limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the relevant statute. *Stracener v. Williams* 84 Ark. App. 208, 213, 137 S.W.3d 428, 431 (Ark.App.,2003). However, even in the case of fraudulent concealment, a litigant in Arkansas must show that he was reasonably diligent to take advantage of the doctrine of equitable tolling. Id. To establish equitable tolling, a party must show "some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed." *Jones v. Frost* 770 F.3d 1183, 1186 (C.A.8 (Ark.),2014 citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir.2004). It is well settled that a simple lack of knowledge of a cause of action does not stop the statute of limitations from running. *See Courtney v. First Nat'l Bank*, 300 Ark. 498, 780 S.W.2d 536 (1989).

The Plaintiff, evidently as a matter of trial strategy, choose to not have any DNA test run on the items of evidence in 2003. It is clear that the Plaintiff was well aware of his cause of action when the trial court refused to grant DNA testing on the contaminated evidence in 2005 and it is also clear that there was certainly no act of fraud perpetrated by the State of Arkansas.

The fact that the Plaintiff choose to exhaust state administrative remedies on other claims does not toll or extend the statute of limitations on his federal § 1983 claim[2]. *See Lown v.*

---

[2] See Cooper v. State, CR–05–453 (Ark. Mar. 16, 2006) (unpublished per curiam) (original docket no. CR 05–453) (pro se appeal from partial denial of habeas-corpus petition denied); Cooper v. State, CR–06–1422 (Ark. Jan. 18, 2007) (unpublished per curiam) (original docket no. CR 06–1422) (pro se motion for belated appeal from

*Brimeyer*, 956 F.2d 780, 781–82 (8th Cir .1992) (refusing to toll the statute of limitations under Iowa law for a plaintiff's federal § 1983 claim when the plaintiff's state-law claims did not prevent him from timely commencing his federal suit); See also *Devries v. Driesen* 2013 WL 3167724, 1 (N.D.Iowa) (N.D.Iowa,2013). It is clear that the Plaintiff's 1983 claim is barred by the limitations period, but even if not barred it is without merit.

**B. Due Process Claim**

The Plaintiff contends that he has been denied due process because he cannot get the requested DNA test run on certain items of evidence.

Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided. *District Attorney's Office for Third Judicial Dist. v. Osborne* 557 U.S. 52, 69, 129 S.Ct. 2308, 2320 (U.S.,2009).

In the present case the Plaintiff did not request that DNA test be run on any of the evidentiary items at his trial in 2003. The case against the Plaintiff appears to have been based on circumstantial evidence and it certainly could have been a proper trial strategy to defend the circumstantial case rather than request DNA testing and possibly have to defend a much stronger state case. Regardless, the Plaintiff had the right to request DNA testing and refused to do so.

At the trial the evidence became contaminated because it was handled by the attorneys, witnesses, jurors, and the court reporter all of this done, evidently, without any objection by the

---

order denying postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2005) denied); Cooper v. State, 2010 Ark. 471 (per curiam) (pro se petition to reinvest jurisdiction in the trial court to consider error-coram-nobis petition denied); Cooper v. State, 2012 Ark. 123 (per curiam) (pro se appeal from order denying petition for scientific testing of evidence pursuant to Act 1780 of 2001 dismissed); Cooper v. State, 2013 Ark. 180 (per curiam) (pro se appeal from order denying successive petition for scientific testing of evidence pursuant to Act 1780 of 2001 dismissed). Summary set forth in Cooper v. State 2014 WL 2158142, FN1

Plaintiff. At the retrial of the Plaintiff's case (case reversed on other grounds) the Plaintiff did request the items be subjected to DNA test but the court refused based upon the contamination of the evidence. It was not the result of any action by the Prosecuting Attorney but the result of an evidentiary ruling by the court. That evidentiary ruling was appealed by the Plaintiff and the trial court's decision was affirmed by the Arkansas Appellate Court.

A "criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 68 (2009). In Osborne, a state prisoner brought a § 1983 action claiming that the state's refusal to provide evidence for DNA testing violated his right to due process. The Osborne Court held that there is no freestanding substantive due process right to obtain DNA evidence in the postconviction setting. Id. at 72.

In its opinion affirming Cooper's conviction on retrial, the Arkansas Court of Appeals recounted in detail the physical evidence and witness testimony that circumstantially linked Cooper to the crimes for which he was convicted. *Cooper*, 2006 WL 477634, at *1-4. The court found that there was sufficient evidence that Cooper was the perpetrator of the crimes, including testimony from the arresting officer that he observed Cooper attempt to rob the convenience store on February 17; he and his clothing matched information that the officer had received about the perpetrator of the February 15 armed robbery; after Cooper saw the police officer, he disappeared behind a dumpster and discarded the physical evidence he seeks to have tested here; and that other evidence linking Cooper to the crime was found in the nearby apartment where he had visited shortly before the times of both offenses. Id. at *4. In light of the overwhelming testimony and evidence at trial to support the conviction, along

with the fact that the evidence was contaminated and that the motion, when finally made in 2010 in the form required by Ark. Code Ann. § 16-112-202, was untimely, it was not unreasonable for the Arkansas courts to conclude that Cooper did not satisfy the statutory prerequisites to obtain postconviction DNA testing of the crime-scene evidence.

Like the Alaska statute at issue in Osborne, there is nothing fundamentally inadequate about the procedures Arkansas has provided to vindicate its state right to postconviction DNA testing.

**C.  Motion for Default Judgment**

The Plaintiff filed a Motion for Default Judgment (ECF No. 13) on June 27, 2014 contending that the Defendant had failed to Answer the Complaint within 21 days of service. The record, however, shows the Defendant was served on June 3, 2014 (ECF No. 9, p. 3) and filed a Motion to Dismiss (ECF No. 11) on June 24, 2014.  Since the Motion to Dismiss was timely filed the Motion for Default Judgment is without merit.

**D.  Motion to Appoint Counsel**.

The Plaintiff filed a Motion to Appoint Counsel (ECF No. 18) on August 18, 2014 contending his case was complex and he had limited research ability since he is in the Arkansas Department of Corrections.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir.1995). The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and

present his claim. *Swope*, 73 F.3d at 852; *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir.1986).

The Plaintiff has extensive pro se litigation history spanning over a decade. His written presentations to the court, including a lengthy response to defendants' motion to dismiss, were clear and detailed, illustrating his ability to investigate the facts and present his claims and he has not demonstrated the need for the court to appoint counsel.

### E. Motion to Amend.

On September 4, 2014 the Plaintiff filed a Motion to Amend/Correct (ECF No. 20) his original complaint which was filed April 4, 2014. The court has reviewed the Motion to Amend and does not find that the Motion adds any factually new material that alters this court's recommendation concerning the original complaint and the Defendant's Motion to Dismiss.

### III. Conclusion

Based upon the forgoing I recommend that the Defendant's Motion to Dismiss (ECF No. 11) be **GRANTED**. It is further recommended that the Plaintiff's Motion for Entry of Default Judgment (ECF No. 13); Motion to Appoint Counsel (ECF No. 18); and Motion to Amend (ECF No. 20) be **DENIED**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 2nd day of February 2015.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
U. S. MAGISTRATE JUDGE

-12-