IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

VINCENT COOPER                                                                                    PLAINTIFF

v.                                         Case No. 4:14-CV-04059

CARLTON JONES                                                                                   DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed February 2, 2015 by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 25). Before Judge Marschewski were Defendant's Motion to Dismiss (ECF No. 11), Plaintiff's Motion for Entry of Default Judgment (ECF No. 13), Plaintiff's Motion for Appointment of Counsel (ECF No. 18), and Plaintiff's Motion to Amend (ECF No. 20). He recommends that Defendant's Motion to Dismiss be granted on the grounds that it is untimely, and Plaintiff's motions be denied. Plaintiff has timely objected to the Report and Recommendation (ECF No. 28), and Defendant has responded to his objections (ECF No. 29). The Court finds this matter ripe for its consideration.

Plaintiff argues that his petition should not be barred as untimely because his § 1983 claim is tolled due to his claim of actual innocence. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). He asserts that there has been a miscarriage of justice because a constitutional violation has resulted in his conviction and that he is actually innocent. His § 1983 claim is against the prosecuting attorney for "mishandling" evidence. However, Plaintiff did not file any requests for DNA testing of the evidence at the trial. The evidence was submitted at trial and subsequently handled by attorneys, witnesses, jurors, and the court reporter. At his retrial, Plaintiff requested the items be subjected to DNA testing. The Court held that the items were contaminated and therefore denied Plaintiff's request. This contamination finding was not a result of any action by Defendant violating Plaintiff's constitutional rights, but rather based on an evidentiary ruling by the Arkansas state trial court. That evidentiary ruling was later affirmed on appeal.

As Judge Marschewski pointed out, a "criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." *Dist. Attorney's Office v. Osborne*, 557 U.S. 52, 68 (2009). In *Osborne*, a state prisoner brought a § 1983 action claiming that the state's refusal to provide evidence for DNA testing violated his right to due process. The Osborne Court held that there is no freestanding substantive due process right to obtain DNA evidence in the postconviction setting. *Id.* at 72. Cooper objects to no specific errors by Judge Marschewski which would cause this Court, after de novo review, to reject the recommendation.

Cooper's objections that the magistrate judge abused his discretion for appointment of counsel because he has a legitimate claim and that his leave to amend should be freely granted under Federal Rule of Civil Procedure 15 are reiterations of his original claim and therefore do not warrant the de novo review of this Court. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).

Accordingly, the Court adopts the Report and Recommendation *in toto*. Defendant's Motion to Dismiss (ECF No. 11) is hereby GRANTED. Plaintiff's Motion for Entry of Default Judgment (ECF No. 13); Motion to Appoint Counsel (ECF No. 18); and Motion to Amend (ECF No. 20) are hereby DENIED.

**IT IS SO ORDERED**, this 4th day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge